IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CINCINNATI INSURANCE COMPANY,

Plaintiff,

v. Case No.: 26cv2546 LF/SCY

A MANAGEMENT CORPORATION, et al.,

Defendants.

**ORDER TO FILE RULE 7.1 NOTICES**

This matter comes before the Court sua sponte, following its review of the Complaint, filed by Plaintiff Cincinnati Insurance Company, Doc. 1, and answers filed by Defendants Aspen Block, LLC, and Aspen Construction, LLC, Docs. 14, 15. Plaintiff filed this action in federal court citing diversity jurisdiction. Doc. 1 at 3 ¶ 8. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States[.]" 28 U.S.C. § 1332(a). Furthermore, "[a] federal court's jurisdiction must clearly appear from the face of a complaint[.]" *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

Here, the complaint is insufficient to support diversity jurisdiction because it fails to allege the citizenship of the members of the LLC Defendants. That is, as to Defendants Amestoy

Dri-Wall LLC, Aspen Black, LLC, and Aspen Construction, LLC, the complaint alleges their state of incorporation and principal place of business. Doc. 1 ¶¶3-5. But determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d 1233, 1237-38 (10th Cir. 2015).

The Court also notes Rule 7.1 requires a party to file a disclosure statement as to its own citizenship at the time it appears in the case. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). In keeping with this intent, because Defendants Aspen Block, LLC, and Aspen Construction, LLC have now appeared in the case, the Court orders them to file their Rule 7.1 notices within 14 days of the date of this Order.

**IT IS THEREFORE ORDERED** that Defendants, Aspen Block, LLC, and Aspen Construction, LLC, file their Rule 7.1 notices no later than Monday, October 19, 2026.

Steve Yarbrough

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE